UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILIP B. INMAN individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:22-cv-01639-SEB-MG<br>) |
| THE TAP BTOWN, INC.,<br>NATHAN FINNEY, | )<br>)<br>) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF THE PARTIES' FLSA COLLECTIVE ACTION SETTLEMENT**

Now before the Court is Plaintiffs' unopposed motion to approve the parties' settlement of this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et seq.* For the reasons given below, the motion is denied.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This action is brought by Plaintiff Philip B. Inman on behalf of himself and those similarly situated under the FLSA, whom we collectively refer to as "Inman."[1]

---

[1] Even though Inman has not yet moved for conditional certification of the collective action, and notice has therefore not been issued to all putative collective members, more than a dozen collective members have filed notices indicating their consent to join this suit. Their concurrences, however, do not alter our conclusions. As we explain below, before the court is authorized to approve any settlement agreement: (1) the parties must move to conditionally certify the 162 putative collective action members as "similarly situated" under the FSLA, (2) the Court must conditionally certify those putative collective action members who are "similarly situated," (3) notice must issue to those conditionally certified members, (4) the deadline for putative collective members to opt-in to this suit must pass, and (5) the parties must then seek final certification of the collective action members as "similarly situated."

Defendants are The Tap Btown, Inc., a restaurant in Bloomington, Indiana, that does business as "The Tap," and Nathan Finney, The Tap's owner and operator. The Amended Complaint alleges that Inman has worked at The Tap as a server since August 12, 2019. Inman alleges he was paid less than minimum wage for his hourly wages, but received tips in addition to his salary. Inman further alleges that he and "other allegedly similarly situated non-exempt hourly paid Servers at The Tap ha[ve] been subject to unlawful tip pooling and tip credits." Docket No. 34, at 2−3. As a result, Inman contends that "he and other Server employees were owed a full minimum wage and return of certain tips contributed to the tip pool." *Id.* at 3. This lawsuit seeks to recover the unpaid compensation that Inman alleges he is due pursuant to the FSLA, along with liquidated damages and reasonable attorney's fees, costs, and expenses.

The parties report that they have reached a settlement agreement, for which Inman now seeks the Court's approval. This request, however, "runs aground on an antecedent issue which neither party has addressed at all, as explained below." *Chen v. Genesco, Inc.*, 2018 WL 11449302, at *1 (S.D. Ind. Jan. 22, 2020) (Barker, J.).

## II.   DISCUSSION AND DECISION

The FLSA "gives employees the right to bring . . . claims [under it] through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Id.* at *2 (quoting *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010)); *see also Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013) (quoting 29 U.S.C. § 216(b)). "Such a collective action is 'similar to, but distinct from,' a class action under

2

Federal Rule of Civil Procedure 23, principally in that collective-action plaintiffs must opt-in to be bound by the action, whereas class-action plaintiffs must opt-out in order not to be bound.'" *Chen*, 2018 WL 11449302 at *2 (quoting 29 U.S.C. § 216(b)).

"FLSA collective action settlement agreements require judicial approval." *Id.* at *3. A court "may not approve a proposed settlement of a collective action without making some finding that the plaintiffs are similarly situated." *Id.* at *2 (internal quotation marks and citation omitted). "Although neither the FLSA nor the Seventh Circuit has set forth criteria for determining whether employees are 'similarly situated,' courts in this district and around the country have settled on a two-step procedure for addressing this inquiry." *Id.* "At the first step, a proposed collective will be conditionally certified for the purpose of giving notice of suit to potential collective members if the named plaintiffs 'make a modest factual showing' that other employees exist who may be similarly situated." *Id.* (quoting *Nabi v. Hudson Grp. Retail, LLC*, 310 F.R.D. 119, 122 (S.D.N.Y. 2015)). "At the second step, after development of the record in discovery, the named plaintiffs must carry the stricter burden of showing that the potential collective members are in fact similarly situated to merit final certification of the collective." *Id.*

Here, the parties have taken the unusual step of requesting that "the court . . . approve their settlement agreement for both the named and putative plaintiffs and dismiss this lawsuit with prejudice before the court has [conditionally] certified the lawsuit as a collective action and before a[ll] collective action members have received notice and the opportunity to opt-in to the lawsuit." *Shepheard v. Aramark Uniform & Career Apparel, LLC*, 2016 WL 5817074 at *2 (D. Kan. Oct. 5, 2016). The terms of the proposed

3

settlement agreement include the acknowledgement that "Inman has not yet filed a motion seeking conditional certification of the putative collective action under FLSA Section 216(b)." Docket No. 34-1, at 1. Inman's motion asserts that final certification of the collective is appropriate, yet he has not offered, nor has the Court located, any legal authorities in support of this proposed procedure. Indeed, to the contrary: other courts have raised concerns about this approach because "(1) approving the settlement for a named plaintiff would moot the FLSA lawsuit, given the opt-in nature of the collective action, and (2) a named plaintiff has no authority to settle claims for plaintiffs who have not opted-in." *Id.* (citing *Copeland-Stewart v. New York Life Ins. Co.*, 2016 WL 231237, at *2 (M.D. Fla. Jan. 19, 2016); *Cerrato v. All. Material Handling, Inc.*, 2014 WL 1779823, at *2 (D. Md. Apr. 30, 2014); *Leigh v. Bottling Grp.*, LLC, 2011 WL 1231161, at *3–4 (D. Md. Mar. 29, 2011); *Perez v. Avatar Props., Inc.*, 2008 WL 4853642, at *4 (M.D. Fla. Nov. 6, 2008)).

Inman's motion references the proper procedures for such settlements: "Where the parties reach settlement after a court has conditionally certified a collective class, the court still must make some final class certification before approving a collective action settlement." Docket No. 34, at 6 (quoting *Gallant v. Arrow Consultation Servs., Inc.*, 2020 WL 2113399, at *1 (S.D. Ind. May 4, 2020) (Barker, J.)); *see also Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 993 (N.D. Ind. 2010). Nonetheless, Inman asserts that the parties have jointly stipulated to FLSA certification of 162 servers employed by The Tap from August 18, 2019, through June 5, 2022. This is not an action which the parties can unilaterally take; it is the Court—not the parties even via their joint

4

stipulation—who must conditionally certify the class and issue notice to the putative members, in response to a properly made motion by the parties. After the deadline passes for putative members to opt-in to this suit, assuming the parties still want to settle this litigation, Inman may move for approval of a settlement and request a final certification of the collective action by the Court. Currently, the parties are not positioned to request the Court's approval of a proposed settlement. Accordingly, Inman's unopposed motion for our approval of the parties' proposed settlement must be denied.

### III. CONCLUSION

For these reasons, Plaintiff's Unopposed Motion for Approval of Settlement [Docket No. 34] is **DENIED WITHOUT PREJUDICE**. It is further **ORDERED** that the parties advise the Court within **THIRTY DAYS** from the date of this order of their intention either to (1) file a motion for conditional certification of the collective action, to begin the process of obtaining Court approval of their settlement agreement, or (2) abandon settlement and proceed to litigate this dispute.

IT IS SO ORDERED.

Date:   2/17/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Benjamin C. Ellis
HKM EMPLOYMENT ATTORNEYS LLP
bellis@hkm.com

Robert Peter Kondras, Jr.
HASSLER KONDRAS MILLER LLP
kondras@hkmlawfirm.com

Benjamin Spencer Perry
BARNES & THORNBURG, LLP (South Bend)
benjamin.perry@btlaw.com

Mark W. Wallin
BARNES & THORNBURG, LLP (Chicago)
mwallin@btlaw.com